1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   STEPHEN GARCIA,                        1:10-cv-00464 MJS (HC)

10                  Petitioner,            ORDER DISMISSING PETITION FOR
                                           WRIT OF HABEAS CORPUS FOR FAILING
11       v.                                TO STATE COGNIZABLE CLAIM

12                                         [Doc. 1]
     FRESNO DEPARTMENT OF
13   CORRECTIONS,

14                  Respondent.
     _____/
15

16       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.   Under 28 U.S.C. § 636(c)(1), the parties have

18   consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

19       Petitioner filed the instant petition for writ of habeas corpus on March 15, 2010 (Pet.,

20   ECF No. 1.)  Petitioner seeks relief based on allegations that a hygiene kit he was issued

21   is unsafe.

22   **I.   DISCUSSION**

23       **A.   Procedural Grounds for Summary Dismissal**

24       Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

25           If it plainly appears from the petition and any attached exhibits that the
             petitioner is not entitled to relief in the district court, the judge must dismiss
26           the petition and direct the clerk to notify the petitioner.

27       The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

28   petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

1  respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition

2  for habeas corpus should not be dismissed without leave to amend unless it appears that

3  no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440

4  F.2d 13, 14 (9th Cir. 1971).

5  **B.    Failure to State Cognizable Claim**

6  The instant petition must be dismissed because it does not challenge the fact or

7  duration of Petitioner's confinement.  A federal court may only grant a petition for writ of

8  habeas corpus if the petitioner can show that "he is in custody in violation of the

9  Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method

10  for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931

11  F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973);

12  Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

13  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method

14  for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500

15  U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory

16  Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  "Habeas

17  jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison

18  condition will not necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334

19  F.3d 850, 859 (9th Cir. 2003).

20  Petitioner seeks relief from the use of the hygiene kits administered by Fresno

21  County Department of Corrections. (Pet. 3, ECF No. 1.) Petitioner's claims do not implicate

22  the fact or duration of his confinement.  Therefore, Petitioner's claims are not cognizable

23  grounds for federal habeas corpus relief and must be dismissed.

24  **C.    Certificate of Appealability**

25  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to

26  appeal a district court's denial of his petition, and an appeal is only allowed in certain

27  circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute

28  in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which

provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief, nor would they find Petioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. The Court therefore DECLINES to issue a certificate of appealability.

1    **ORDER**

2    Accordingly, IT IS HEREBY ORDERED that:

3    1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice;

4    2. The Clerk of Court is DIRECTED to enter judgment; and

5    3. The Court DECLINES to issue a certificate of appealability.

6

7

8

9    IT IS SO ORDERED.

10   Dated:    July 21, 2010            /s/ *Michael J. Seng*

11                              UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -4-